■ In the Matter of PATRICIA WRAIE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 6, 1974, which affirmed a deci-

sion of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she refused employment without good cause. The decision appealed from is not supported by substantial evidence and, therefore, must be reversed. It is not disputed that claimant, a secretary, was referred to two positions by the employment service on February 14, 1974, to which she did not go. While representatives of the Industrial Commissioner testified that claimant had refused the referrals because she felt the salary was too low, the claimant testified, and the referee found, that she had scheduled other interviews on that day with prospective employers for higher paying positions. While the referee found that claimant "declined the offer of employment" there is no evidence whatsoever that these were firm offers of jobs which claimant could have had simply by accepting. Rather, claimant testified without contradiction that the referrals merely were interviews which might or might not result in an offer of employment. In these circumstances, claimant was faced with a dilemma in choosing which interviews she would attend, since limitations of time prevented her from attending all of them. Claimant did not refuse the referrals solely because she hoped to find something better without having any basis to believe a better possibility would come along. Rather, she had been granted definite interviews, indicating that bona fide openings with the prospective employers were available, and she had sufficiently investigated to ascertain that if she were the successful applicant she would receive a higher salary. The fact that she refused the referrals because of the salary offered is not an indication that she would have refused actual employment at such a salary; it only reflects her fully understandable decision to try for the higher paying jobs when it was impossible for her to appear for four interviews on the same day. While claimant's efforts on February 14 did not prove successful, that does not suggest that her choice in seeking these jobs was unrealistic or unreasonable. It is noteworthy that only a short time later, claimant did obtain a higher paying position through her own efforts. To disqualify claimant for, in effect, being self-sufficient in her job seeking efforts and applying for better positions than those to which she was referred by the service and for which she was qualified by training and experience, is not within the ascertainable purposes of the Unemployment Insurance Law. Had she rejected a firm job offer, or if her choice in deciding which postions to seek were unrealistic in light of her qualifications and the availability of such positions, a different question might be presented. On the present record, however, the finding that claimant refused an offer of employment is not supported by the evidence and the disqualification is erroneous as a matter of law. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.